UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
*ELECTRONICALLY FILED*

WADE HOBBS,

          Plaintiff,

vs.

JOHNSON AND JOHNSON,          CASE NO.:  6:22-cv-711
WALMART and
WALGREENS

          Defendants.
_____/

## <u>PETITION FOR REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Walmart Inc. (hereinafter "Walmart") (improperly named in the Complaint as "Walmart"), by counsel, hereby files this Petition for Removal of the case styled *Wade Hobbs v. Johnson and Johnson, et al.*, to the United States District Court for the Middle District of Florida, together with all process, pleadings and orders, as required by 28 U.S.C. §§ 1446(a), copies of which are attached hereto and made part hereof.

The grounds for removal are as follows:

1.      On March 11, 2022, Plaintiff, Wade Hobbs, filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit, Seminole County, Florida styled

*Wade Hobbs v. Johnson and Johnson, et al.*, Case No.: No. 2022-CA-000601, against defendants, Johnson and Johnson ("J&J"), Walmart, and Walgreens.

2.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in the Eighteenth Judicial Circuit Court and served upon Walmart are attached as Exhibit 1.

3.      Walmart was served with the Complaint in this action on or after March 24, 2022.  Accordingly, this Petition for Removal is timely because it has been filed within (30) days of Walmart's receipt of the initial pleading, as required by 28 U.S.C. § 1446(b).

4.      As explained more fully below, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and which may be removed to this Court by Walmart pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens of different states with an amount in controversy exceeding the sum of $75,000.00, exclusive of costs and interest, and the removal is timely.

5.      Plaintiff alleges that he sustained injuries related to a severe allergic reaction caused by the consumption of Tylenol purchased from a Walmart retail location in Sanford, Florida.  (See Ex. 1 ¶¶ 3, 5 – 15.)

## DIVERSITY OF CITIZENSHIP

6.     This action is one which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's domicile is diverse from all defendants. See Chicago & N.W.R.R. v. Ohle, 117 U.S. 123 (1886) (holding for purposes of diversity jurisdiction, state citizenship is determined by domicile).

7.     At the time this action was filed, Plaintiff was a resident of and domiciled in Georgia.  (See Ex. 1 ¶ 24 and signature block.)

8.     At the time this action was filed, J&J was a corporation organized under the laws of New Jersey with its principal place of business located in New Jersey.[1]

9.     At the time this action was filed, Walmart was a corporation organized under the laws of Delaware with its principal place of business located in Arkansas.

10.     At the time this action was filed, Walgreen Co. d/b/a Walgreens ("Walgreens") was a corporation organized under the laws of Illinois with its principal place of business located in Illinois.[2]

## AMOUNT IN CONTROVERSY

11.     Plaintiff's complaint states specifically that he seeks $100,000 in damages. (See Ex. 1 ¶¶ 49, 54.)  Based on the foregoing, this case is removable on

---

[1] Defendant, J&J, upon information and belief, has not yet been served with process, but nevertheless consents to removal.

[2] Defendant, Walgreens, consented to the removal of this matter to the United States District Court for the Middle District of Florida.

the face of the Complaint, where the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## **RESERVATION OF RIGHTS**

12.     Defendant reserves the right to amend or supplement this Petition for Removal or to present additional arguments in support of its entitlement to remove this case.

13.     Defendant reserves all defenses and objections available under the applicable law and the filing of this Petition for Removal is subject to, and without waiver of, any such defenses or objections.

**WHEREFORE**, Defendant Walmart prays that it may effect the removal of this action from the Circuit Court of the Eighteenth Judicial Circuit, Seminole County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

*/s/ Brandon T. Holmes, Esq.*
Brandon T. Holmes, Esq.
Florida Bar No.: 1007975
Dinsmore & Shohl LLP
201 N. Franklin Street
Suite 3050
Tampa, FL 33602
Phone: (813) 543-9848
Brandon.Holmes@Dinsmore.com
*Attorney for Walmart Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served by

e-Filing with the Clerk of Court and via Florida e-Filing Portal on April 13, 2022,

to:

> Wade Hobbs
> 4967 Shallow Ridge Road NE
> Kennesaw, Georgia
> Phone: (770) 289 7075
> Wade@WadeHobbs.com

> */s/ Brandon T. Holmes, Esq.*
> Brandon T. Holmes, Esq
> Florida Bar No.: 1007975