# EXHIBIT 1



Log in     Register

## Case Details - Summary

| | |
|---|---|
| **Case Number:** | 2022CA000601 |
| **View Status:** | PUBLIC |
| **Case Style:** | WADE HOBBS -VS- JOHNSON AND JOHNSON |
| **Case Type:** | 10 - PRODUCTS LIABILITY |
| **Case Status:** | OPEN |
| **Divison:** | CIRCUIT CIVIL |
| **UCN:** | 592022CA000601000XX |
| **Judge:** | SUSAN STACY |
| **Jury Trial:** | YES |
| **File Date:** | 03/11/2022 |

## Case Parties

| PARTY NAME | TYPE |
|---|---|
| WADE HOBBS | PLAINTIFF (**PRIMARY**) |
| JOHNSON AND JOHNSON | DEFENDANT (**PRIMARY**) |
| WALMART | DEFENDANT |
| WALGREENS | DEFENDANT |

## Dockets

Legend:  🟢 Viewable   🔵 Reviewed and Viewable   🟡 Viewable on Request   ❌ Confidential

Docket Code: [____]   Filter   Clear Filter

| DATE | NUMBER | DOCKET CODE | DESCRIPTION | PAGES | PDF |
|---|---|---|---|---|---|
| | | | | | |

| 04/06/2022 | 8 | MOTN | MOTION TO DISMISS PLTF COMPLAINT & MOTION TO STRIKE CLAIM FOR JOINT & SEVERAL LIABILITY & POST JUDGMENT INTEREST BY DEFT WALGREENS | 3 | ✓ |
|---|---|---|---|---|---|
| 03/16/2022 | 7 | COPY | PHOTOCOPIED DOCUMENT OF CASE MANAGEMENT PLAN & ORDER | 7 | ✓ |
| 03/16/2022 | 6 | NOTC | NOTICE FOR A REQUEST FOR CASE MANAGEMETN CONF BY PLTF | 2 | ✓ |
| 03/11/2022 | 5 | SUMI | SUMMONS ISSUED - WALGREENS | 2 | ✓ |
| 03/11/2022 | 4 | SUMI | SUMMONS ISSUED - JOHNSON AND JOHNSON | 2 | ✓ |
| 03/11/2022 | 3 | SUMI | SUMMONS ISSUED - WALMART | 1 | ✓ |
| 03/11/2022 | 2 | CMPL | COMPLAINT FILED | 5 | ✓ |
| 03/11/2022 | 1 | CCST | CIVIL COVER SHEET | 3 | ✓ |

## Hearings

| NO RECORDS RETURNED |
|---|

Server:CJCWEB02

IN THE CIRCUIT COURT OF THE 18th
JUDICIAL CIRCUIT IN AND FOR
SEMINOLE AND BREVARD
COUNTIES, FLORIDA

**WADE HOBBS**

     Plaintiff,

v.

**JOHNSON AND JOHNSON,**

**WALMART, and**

**WALGREENS,**

     Defendants.

Case No.:   **2022CA000601**

---

### COMPLAINT FOR DAMAGES

1. PLAINTIFF, proceeding *pro se*, demands a jury trial, brings this complaint for damages against DEFENDANTS, and alleges as follows:

### STATEMENT OF JURISDICTION

2. Jurisdiction in this Court is proper because:

-This is an action for damages that exceed $30,000.

-The events giving rise to this complaint occurred in Seminole County, except for the consultation with Walgreens, which does business in Seminole County. All DEFENDANTS do business in Seminole County.

### FACTS ALLEGED

3. On or about January 15, 2022, PLAINTIFF Wade Donaldson Hobbs, Jr. bought "Tylenol For Adults Cold + Head Congestion Severe" from DEFENDANT Walmart at 1601 Rinehart Road, Sanford, Florida;

4. Tylenol is produced by Johnson and Johnson;

5. Plaintiff took the Tylenol for two consecutive days;

6. Immediately after taking the Tylenol, Plaintiff noticed a coarse rash on his arms that quickly spread to his hands;

7. Plaintiff suffered a severe allergic reaction directly caused by the Tylenol;

8. Both DEFENDANTS Johnson and Johnson and Walmart had a duty of care to avoid harming the PLAINTIFF, and both DEFENDANTS breached that duty;

9. Plaintiff followed the Tylenol instructions and discontinued use because of the rash;

10. Plaintiff has never encountered a rash like this;

11. Plaintiff suffered swelling around his lips;

12. Plaintiff suffered swelling on his forehead, which for the time being has subsided;

13. Plaintiff currently has a notch under his left elbow, which has caused pain;

14. Plaintiff has suffered great embarrassment because of the rash;

15. Plaintiff is still not fully recovered in that some of the rash remains on his lower body;

16. On Thursday, January 17, 2022, Plaintiff attempted to cure the rash by allowing his skin to breathe;

17. That proved ineffective;

18. On Friday, January 18, 2022, Plaintiff consulted a pharmacist at Walgreens in Daytona Beach;

19. The pharmacist recommended Benedryl pills and Hydrocortisone cream, which Plaintiff purchased;

20. The pharmacist seemed knowledgeable and instructed Plaintiff to try these remedies for a week, and if they didn't work, to contact a doctor;

21. Plaintiff called Target, with whom he has a contract, and explained the situation;

22. Plaintiff requested time off;

23. Target granted it;

24. Plaintiff returned to Kennesaw, Georgia, after taking the Benedryl and applying the Hydrocortisone;

25. The rash worsened and spread to Plaintiff's chest;

26. Plaintiff noticed swelling on his lips and forehead;

27. Plaintiff also took baths frequently in the following days to stop the rash;

28. Eventually the rash healed on his chest but spread to much of his lower body;

29. The rash worsened on his hands and wrists, causing PLAINTIFF pain and suffering. His hands swelled and PLAINTIFF could barely use them for basic actions like removing a bottle top;

30. Plaintiff consulted Dr. Charles Hoff in Kennesaw, Georgia, on Friday, January 28, 2022;

31. Dr. Hoff recommended a different course of treatment;

32. Plaintiff followed it;

33. On Tuesday, February 1, 2022, Plaintiff stopped following Dr. Hoff's orders because they refused to refill a prescription and because the doctor said "You don't want to use this stuff more than a week";

34. For the next three days Plaintiff did nothing but bathe and soak;

35. Plaintiff is particularly embarrassed because this happened during the Valentine Season, causing him emotional distress;

36. Plaintiff was forced to wear gloves because of the rash;

37. Plaintiff is still fighting the rash;

38. DEFENDANTS Johnson and Johnson and Walmart have damaged the PLAINTIFF by directly causing the injuries described above;

39. DEFENDANTS Johnson and Johnson and Walmart have directly caused emotional distress in the PLAINTIFF, who continues to suffer;

40. DEFENDANT Walgreens had a duty to avoid providing bad advice to PLAINTIFF. DEFENDANT Walgreens breached that duty, which resulted in the spread of the rash to PLAINTIFF'S lower body and the worsening of the rash on PLAINTIFF'S hands. The DEFENDANT'S conduct directly caused PLAINTIFF physical injury, economic loss, pain and suffering, and emotional distress.

## CLAIMS FOR RELIEF

### COUNT 1:

### NEGLIGENCE

41. Plaintiff re-alleges and incorporates all prior allegations in this Complaint as if fully set forth here.

42. DEFENDANT Johnson and Johnson's actions as described above constitute negligence;

43. DEFENDANT Walmart's actions as described above constitute negligence;

44. DEFENDANT Walgreens was negligent in providing bad advice to PLAINTIFF, as described above;

45. Because of the DEFENDANTS' actions, PLAINTIFF has suffered physical damages that are ongoing, economic damages, pain and suffering damages, and emotional distress damages in the amount of $100,000. All of the DEFENDANTS' actions have directly caused PLAINTIFF'S damages.

## COUNT 2:

## PRODUCT LIABILITY

46. Plaintiff re-alleges and incorporates all prior allegations in this Complaint as if fully set forth here.

47. The Tylenol produced by the DEFENDANT Johnson and Johnson was defective in design;

48. DEFENDANT'S product Tylenol injured the PLAINTIFF, as described above;

49. Because he used the Tylenol, PLAINTIFF suffered physical damages that are ongoing, economic damages, pain and suffering damages, and emotional distress damages in the amount of $100,000.

## COUNT 3:

## PRODUCT LIABILITY

50. Plaintiff re-alleges and incorporates all prior allegations in this Complaint as if fully set forth here.

51. The Tylenol sold by the DEFENDANT Walmart was defective in design;

52. The Tylenol DEFENDANT Walmart sold to the PLAINTIFF injured him, as described above;

53. Because he used the Tylenol sold by DEFENDANT Walmart, PLAINTIFF suffered physical damages that are ongoing, economic damages, pain and suffering damages, and emotional distress damages in the amount of $100,000.

## PRAYER FOR RELIEF

54. WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against DEFENDANTS for $100,000, and that the DEFENDANTS be held joint and severally liable for that amount.

-An award of post-judgment interest on any money damages awarded at the current

statutory rate.

-PLAINTIFF'S reasonable costs and disbursements for bringing this action.

-Any and all other relief the Court deems just and reasonable under the circumstances.

55. Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.


Respectfully submitted on:  March 11, 2022.


                                    s/WADE HOBBS

                      By: _____

                                    Wade Hobbs
                                    4967 Shallow Ridge Road NE
                                    Kennesaw, Georgia 30144
                                    Member in Good Standing,
                                         Washington, D.C.
                                         Bar Association
                                    770-289-7075 (cell)
                                    Wade@WadeHobbs.com

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>SEMINOLE</u>   COUNTY, FLORIDA

<u>Wade Hobbs</u>
Plaintiff

vs.

<u>Johnson and Johnson, Walmart, Walgreens</u>
Defendant

Case # ___<u>2022CA000601</u>___

Judge _____

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

**III.   TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ WADE HOBBS</u>        Fla. Bar #
       Attorney or party           (Bar # if attorney)

<u>WADE HOBBS     </u>        <u>03/16/2022</u>
  (type or print name)          Date

## THE 18TH CIRCUIT COURT OF FLORIDA

WADE HOBBS                                      )
                                                )
                                                )
        Plaintiff,                              )
                                                )           Case No.   2022CA000601
        v.                                      )
                                                )
JOHNSON AND JOHNSON,                            )
WALMART, AND WALGREENS,                         )
        Defendants                              )
                                                )
                                                )

## NOTICE FOR A REQUEST FOR
## CASE MANAGEMENT CONFERENCE

Plaintiff in good faith requested that Defendants receive and agree to the Case Management Plan included in the Proposed Stipulation for Case Management Plan and Order. Representatives from Walmart and Walgreens flatly refused to receive the Case Management Plan. Counsel for Johnson and Johnson has agreed in principle to discuss a Case Management Plan before a judge.

Accordingly, Plaintiff gives the court notice of a request for a case management conference. Plaintiff agrees to whatever Case Management Plan and Order the court decrees, since some of the Defendants have completely refused to cooperate. This practice has been approved by Florida courts in **Nie v. Beaux Gardens**, 923 So.2d 1200 (Florida District Court of Appeals, 3rd District, 2006).

Respectfully submitted on:  March 16, 2022.

                                      s/WADE HOBBS

                            By:  _____

                                 Wade Hobbs
                                 4967 Shallow Ridge Road NE
                                 Kennesaw, Georgia 30144
                                 Member in Good Standing,
                                      Washington, D.C.

Bar Association
770-289-7075 (cell)
Wade@WadeHobbs.com

THE 18TH CIRCUIT COURT OF FLORIDA

WADE HOBBS,                          )
          Plaintiff                  )          Case No.:    **2022CA000601**
                                     )
     v.                              )
                                     )
JOHNSON AND JOHNSON,                 )
WALMART, AND WALGREENS               )
          Defendants                 )
                                     )
                                     )

Plaintiff proposes to stipulate to the following Case Management Plan and Order. The proposed case management plan and order were presented in good faith to Defendant Johnson and Johnson, which prefers a case management conference after filing. Defendants Walmart and Walgreens refused to receive the plan and order.

The Third District Florida Court of Appeals approved this stipulation practice in **Nie v. Beaux Gardens**, 923 So.2d 1200 (Florida 3rd District Court of Appeals, 2006).

Respectfully submitted on: March 16, 2022.

                         s/WADE HOBBS
                         By:_____
                         Wade Hobbs
                         4967 Shallow Ridge Road NE
                         Kennesaw, Georgia 30144
                         Member in Good Standing,
                              Washington, D.C. Bar Association
                         (770)-289-7075
                         Wade@WadeHobbs.com

**EXHIBIT B**

IN THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE AND BREVARD COUNTIES, FLORIDA

WADE HOBBS
_____,

     Plaintiff,

vs

     JOHNSON AND JOHNSON
_____,

     Defendant.

_____/

CASE NO:

**CASE MANAGEMENT PLAN**

**(GENERAL)**

14

**The parties are to meet, review, and discuss the Case Management Plan to agree upon dates according to the guidelines set forth in the above Case Management Plan. The parties are to sign the certification below and submit the proposed Case Management Order with the agreed upon dates to the Court for approval and signature. This is required to be submitted to the court or filed in the court file for approval of the Case Management Order.**

| | |
|---|---|
| 1. Date of First Response (i.e., Answer, Notice of appearance,<br>Motion for Extension of Time, Motion to Dismiss) | The date of the first filing |
| 2. Deadline for adding new parties, amendment of pleadings | Should be 60-90 days since response date |
| 3. Deadline for Witness & Exhibit List<br>(Witnesses MUST be listed by actual NAME of the witness, and not by designation (i.e., use of such designations as "Corporate Representative," "Records Custodian," "Adjustor," or "IME Doctor" standing alone is insufficient) | Should be 60-90 days before Trial |
| 4. Deadline for Expert Disclosure | Should be 150-180 days prior to projected trial date for Plaintiff |
| (Parties should furnish opposing counsel with the Names and addresses of all expert witnesses under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.28(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed with the Clerk of Court. | Should be 120-150 days prior to projected trial date for Defendant |
| 5. Objections to pleadings | Should be resolved 150-180 days prior to projected trial date |
| 6. Deadline for Discovery Completion (including Depositions) | Should be 15-30 days prior to projected trial date |
| 7. Deadline for Dispositive Motions, including *Daubert* Motions- Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue<br>Responsibility for scheduling of the Hearing shall be upon the party filing the Motion or Objection. | Should be heard 15-30 days prior to projected trial date |
| 8. Deadline for Mediation: | Should be 45-60 days prior projected trial date |
| 9. Trial Date | Must include length of trial period and projected date trial is desired to commence 18 months from date of the Case Mgmt Plan and submission of Case Management Order to Court |

**I hereby certify that I have that all parties have met and conferred regarding all proposed dates for the Case Management Plan and Case Management Order and certify that all dates proposed in the Case Management Order have been agreed to by the parties.**

**Date:** _____MARCH 7, 2022._____

**Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number. Unrepresented parties must include email address for service.**

EMAIL: WADE@WADEHOBBS.COM

**EXHIBIT B (cont'd)**

IN THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE AND BREVARD COUNTIES, FLORIDA

WADE HOBBS
_____,
        Plaintiff,

vs

JOHNSON AND JOHNSON
_____,
        Defendant.
_____/

CASE NO:

**CASE MANAGEMENT ORDER
(GENERAL)**

Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and AO 21-24, Eighteenth Judicial Circuit, it is, hereby,

**ADJUDGED** that the following deadlines are applicable to this action, and that same will be strictly applied by the Court:

The projected date of trial for this matter is the trial docket beginning __9/7/2023__.  A firm trial date will be ordered by the presiding judge when this matter is at issue and notice as to same is filed in accordance with Rule 1.440, Fla. R. Civ. P.

Any request(s) for the addition of new parties, or amendments to the pleadings, shall be served within __120__ days of the date of this Order.

The fact witnesses of all parties shall be disclosed to all other parties no later than __60__ days prior to the above projected trial date.

All of Plaintiff's Expert Witnesses shall be disclosed to all other parties no later than __180__ days prior to the above projected trial date.  Defendant's Expert Witnesses shall be disclosed to all other parties within 30 days thereafter.

All fact AND expert discovery shall be completed no later than __30__ days prior to the above projected trial date.

All objections to the pleadings, and all pre-trial motions shall be resolved no later than __150__ days prior to the above projected trial date.

Mediation shall be completed no later than ____60____ days prior to the above projected trial date.

## ORDER

**THE COURT,** having reviewed the preceding Case Management Dates finding them to be satisfactory. Accordingly, it is hereby **ORDERED** that

1.    **COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Plan and Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2.    **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable**.

3.    **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.    **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or within ten (10) days from the date of this Order if the case has been at issue longer than ten (10) days, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5.    **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6.    **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7.    **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** this ___7th___ day of ___March, 2022___, ~~2021~~, in _____, ___SEMINOLE___ County, Florida.

_____
CIRCUIT JUDGE

*__A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.__*

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711**

IN THE CIRCUIT COURT IN AND
FOR SEMINOLE COUNTY, FLORIDA
CASE NO.:   2022-CA-000601

WADE HOBBS

      Plaintiff,

vs.

JOHNSON AND JOHNSON,

WALMART, and

WALGREENS,

      Defendants.

_____/

## DEFENDANT, WALGREENS, MOTION TO DISMISS PLAINTIFF'S COMPLAINT: AND MOTION TO STRIKE CLAIM FOR JOINT AND SEVERAL LIABILITY AND POST JUDGMENT INTEREST

**COMES NOW** the Defendant, WALGREENS, and files this Motion to Dismiss the

Plaintiff's Complaint as to this Defendant, and Motion to Strike Claim for Joint and

Several Liability and Post Judgment Interest, and in support thereof states as follows:

1.      Count 1 of the Plaintiff's Complaint titled "Negligence", asserts an injury

claim against all 3 Defendants in one count, in violation of Florida Rule of Civil Procedure

Rule 1.110(f). Florida Rule of Civil Procedure Rule 1.110(f) requires each claim founded

on a separate transaction shall be stated in a separate count.

2.      Additionally, the Plaintiff's Complaint fails to allege sufficient facts to state

a valid cause of action against WALGREENS. Paragraph 18 through 20 of the Plaintiff's

Complaint states he was suffering from a rash, and a Walgreens pharmacist recommended he try Benadryl pills and hydrocortisone cream and "if they didn't work to contact a doctor". Florida law is clear that actions against a pharmacist based on pharmacy negligence is an action of professional malpractice. *Sheils v. Jack Eckerd Corporation*, 560 So.2d 361 (Fla. 2d DCA 1990). The Plaintiff's Complaint fails to allege how recommending over the counter Benadryl pills and hydrocortisone cream for a rash and calling a doctor if the rash does not improve, violates a pharmacist standard of care, which is required to support a claim for professional malpractice.

3.      The Plaintiff has filed this lawsuit against "WALGREENS". There is no such legal entity as "WALGREENS" operating in the State of Law.

4.      The Prayer for Relief in Plaintiff's Complaint includes a claim for that the Defendants "be held joint and severally liable" for any damages awarded the Plaintiff. Joint and Several liability was abolished many years ago and does not apply under Florida law to the subject claim. The Prayer for Relief in Plaintiff's Complaint includes a claim for an "award of post-judgment interest on any money damages awarded at the current statutory rate". This language fails to state a valid claim for post-judgment interest under Florida law.

## CERTIFICATE OF SERVICE

I hereby certify that on 4/6/2022, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal system, which will notify Wade Hobbs (Plaintiff Pro Se), at the following designated e-mail(s):  Wade@WadeHobbs.com.

**s/ James A. Coleman**

James A. Coleman, Esquire

Florida Bar No.:  0434711

Attorney for Defendant, Walgreens

James A. Coleman, P.A.

612 E. Colonial Drive, Suite 250

Orlando, Florida 32803

Telephone:  (407) 219-5799

Facsimile:  (407) 219-5788

Emails:     jcoleman@rclawpa.com
            rcunningham@rclawpa.com
            dthompson@rclawpa.com